IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISRAEL EUGENE HILL, ID # 1302154, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:07-CV-0707-P (BH) |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge.  The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I.  BACKGROUND

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County convictions in Cause Nos. F05-00342 (aggravated assault), F03-33507-LM (burglary of a habitation), F03-34466-BM (burglary of habitation), and F03-35524-M (burglary).  Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

According to petitioner, he was convicted in the listed cases on April 22, 2005, and the convictions were affirmed on appeal on September 29, 2005.[1]  (See Pet. Writ Habeas Corpus (Pet.)

---

[1]   The Court has only been able to verify that judgment was entered in F05-00342-M on April 22, 2005, and that petitioner appealed that conviction.  See Hill v. State, No. 05--05-00771-CR, http://www.courtstuff.com/FILES/05/05 /05050771.HTM (accessed May 21, 2007) (Official internet site of the Fifth Court of Appeals).  The Fifth Court of Appeals transferred the appeal to the Eleventh Court of Appeals on August 4, 2005.  See id.  On September 29, 2005, the Eleventh Court of Appeals affirmed that conviction.  Hill v. State, No. 11-05-00250-CR, 2005 WL 2401918, at *1 (Tex. App. – Eastland Sept. 29, 2005, no pet.) (per curiam).  Although the Court has been unable to verify the dates of

at 2-3.) Petitioner filed no petition for discretionary review (PDR).  (*See id.* at 3.)  On November 8, 2006, petitioner filed state habeas applications with respect to each conviction.  (*See id.*); *accord* Texas Court of Criminal Appeals, http://www.cca.courts.state.tx.us/opinions/casesearch.asp?Case NumberNo=&DateFiled=&DateFiled2=&Style=Hill%2C+Israel&Style_2=&COACase NumberNo=&Submit1=Search (accessed May 21, 2007) (following links to dispositions of each state application).  On February 7, 2007, the Court of Criminal Appeals denied each writ.  (Pet. at 4.)

Petitioner filed the instant petition on April 20, 2007, when he placed it in the prison mail system.  (Pet. at 9); *see also Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).  Petitioner asserts the following seven claims:  (1) admission of extraneous unadjudicated offense; (2) unconstitutional transfer of appeal; (3) denial of public trial; (4) violation of confrontation clause; (5) "no evidence" to support convictions; (6) sentence offends progressive society and constitutes cruel and unusual punishment; and (7) ineffective assistance of counsel during guilt/innocence and on appeal. (Pet. at 7-8A.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions

---

petitioner's other convictions or that he has appealed those convictions, the Court has no reason to believe that the judgments occurred later than April 22, 2005, or that any appeal therefrom occurred after September 29, 2005. Consequently, the Court will utilize those dates for all of the challenged convictions.

for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's convictions became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

In this case, petitioner appealed his convictions but filed no PDR. The state convictions therefore becomes final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.*, thirty days after the appellate court rendered its judgment on September 29, 2005. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance

3

upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty day period to file a PDR). If the thirtieth day "is a Saturday, Sunday, or legal holiday, the period extends to the first day that is not a Saturday, Sunday, or legal holiday." Tex. R. App. P. 4.1(a). Because the thirtieth day in this case falls on a Saturday, petitioner's state judgment of conviction became final on Monday, October 31, 2005.

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's state judgment of conviction became final on October 31, 2005.

Because petitioner filed his petition more than one year after his conviction became final on October 31, 2005, a literal application of § 2244(d)(1) renders his April 20, 2007 filing untimely.

## III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state petitions on November 8, 2006, the statutory limitations period had already expired. Accordingly, the statutory tolling provision does not save petitioner's

April 20, 2007 federal petition.  In addition, nothing in the petition indicates that rare and exceptional circumstances warrant equitable tolling.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling); *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same).

Because neither statutory nor equitable tolling save petitioner's April 20, 2007 filing, the filing falls outside the statutory period of limitations and should be deemed untimely.

## III.  EVIDENTIARY HEARING

Based upon the information before the Court, the instant action is untimely and an evidentiary hearing appears unnecessary.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 21st day of May, 2007.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6